10-5097-cv
Vilardi v. Astrue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of January, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

Tommasa Vilardi,

> *Plaintiff-Appellant*,

> v.                                                          10-5097-cv

Michael J. Astrue, Commissioner of Social Security,

> *Defendant-Appellee*.<sup>*</sup>

_____

FOR APPELLANT:              Tommasa Vilardi, *pro se*, Ridgewood, NY.

_____

> <sup>*</sup> The Clerk of Court is respectfully directed to amend the caption to conform to this order.

FOR APPELLEE: Varuni Nelson and Kathleen A. Mahoney, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and Appellant's request for oral argument is **DENIED**.

Tommasa Vilardi, *pro se*, challenges (a) the grant, under Federal Rule of Civil Procedure 12(c), of a motion by the Commissioner of Social Security ("Commissioner") to dismiss Vilardi's action seeking judicial review of a final decision of the Commissioner, and (b) the denial of Vilardi's Rule 12(c) cross-motion. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "In reviewing a district court's decision upholding a decision of the Commissioner, we 'review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.'" *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)); *see also* 42 U.S.C. § 405(g) (providing that, if there is substantial evidence in the record to support the Commissioner's findings, such findings are "conclusive"); *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) ("Substantial evidence means more than a mere scintilla. It means such

2

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (citation and internal quotation marks omitted)). "We therefore focus our attention on the administrative ruling rather than on the decision of the district court." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). However, "[i]t is not our function to determine *de novo* whether [a claimant] is disabled." *Id.*

Ultimately, the determination of whether a claimant is disabled is "reserved to the Commissioner." 20 C.F.R. § 404.1527(e). "While the opinions of a treating physician deserve special respect, they need not be given controlling weight where they are contradicted by other substantial evidence in the record." *Veino v Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (citations omitted). Likewise, a claimant's subjective report of her symptoms is not controlling but must be supported by medical evidence. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529.

The administrative law judge ("ALJ") found that Vilardi was not disabled because, despite her alleged impairments, she retained the residual functional capacity to perform her past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ cogently set forth his reasons for and the substantial evidence relied upon in discounting both Vilardi's treating physician's opinion and her alleged symptoms. On appeal, Vilardi primarily relies on a November 2007 doctor's report and MRI. Vilardi's reliance on evidence demonstrating a worsening of her condition after that date is of little value, because she was required to demonstrate that she was disabled as of March 31, 2007, the date on which she was last insured. *See* 42 U.S.C. § 423(a)(1)(A); *Arnone v. Bowen*, 882 F.2d 34, 38 (2d Cir. 1989). Consequently, her reliance on evidence demonstrating a worsening of her condition after that date is of little value.

Vilardi points to a 1993 MRI and 2001 CT-scan, but both results pre-dated the alleged January 1, 2002 onset date of her disability.  Moreover, she identifies no material errors in the ALJ's factual findings that are relevant to the alleged medical conditions she raises on appeal.[2]  In deciding whether substantial evidence exists, the Court must defer to the Commissioner's resolution of conflicting evidence.  *See Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).  So even assuming that Vilardi's conditions have arguable support in the record, the ALJ's decision--to accord more weight to substantial evidence that conflicted with Vilardi's treating physician's opinion and her alleged symptoms--cannot be disturbed.

As to Vilardi's request for oral argument, argument is unnecessary to dispose of this appeal.  *See* Fed. R. App. P. 34(a)(2).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** and Appellant's request for oral argument is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] In her appellate brief, Vilardi does not raise any issue with regards to the ALJ's findings concerning her chest pains, foot surgery, and toxoplasmosis.  Accordingly, such issues are deemed waived.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).